IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DIANE POOSER and LEROY POOSER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV 124-114 |
| | ) | |
| WAL-MART STORES EAST, L.P.; | ) | |
| LATORA SMITH; and JOHN DOES # 2-5, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In consideration of the record and briefing, the Court **REPORTS** and **RECOMMENDS** Plaintiffs' Motion to Remand be **GRANTED**, (doc. no. 16), Plaintiff's Motion for Leave to Add Parties be **DENIED AS MOOT**, (doc. no. 15), this case be **REMANDED** to the Superior Court of Richmond County, Georgia, based on lack of subject-matter jurisdiction, and this civil action be **CLOSED**.

I.   **BACKGROUND**

Plaintiffs' Amended Complaint alleges Plaintiff Diane Pooser slipped and fell while present as an invitee on the premises of Defendant Wal-Mart Stores East, L.P., and Defendants are liable for Plaintiff Diane Pooser's physical injuries, medical expenses, physical and mental pain and suffering, and Plaintiff Leroy Pooser's loss of consortium. (Am. Compl., doc. no. 1-4.) The Amended Complaint does not specify damages aside from alleging Ms. Pooser suffered "an injury to her head and brain, an injury to her left leg, and other physical injuries." (Id. at 3.) Plaintiffs filed this action in the Superior Court of Richmond County, and Defendant

Latora Smith filed a Notice of Removal on July 18, 2024, asserting diversity of citizenship and an amount in controversy that exceeds $75,000. (Doc. no. 1, pp. 2-6.) There is no specific amount of damages claimed in the complaint or the removal notice. (See generally doc. nos. 1, 1-4.)

On July 22, 2024, the Court issued an Order directing Defendant Smith to provide sufficient evidence within fourteen days establishing the amount in controversy after finding it is not facially apparent from the complaint that Plaintiffs' claim exceeds the amount in controversy requirement. (Doc. no. 4.) After Defendant Smith failed to timely respond, on August 6, 2024, the Court ordered both Defendants to respond to the Court's July 22nd Order and extended the deadline to comply by one week. (Doc. no. 13.) In response, Defendants argue the amount in controversy is satisfied because Plaintiffs allege severe injuries, request past and future medical expenses, loss of companionship and consortium, and are "unwilling to stipulate to an amount in controversy to less than $75,000." (See doc. no. 14, p. 4.) However, Defendants only received medical bills totaling $37,155.46. (Doc. no. 14-4, pp. 2-3.)

The same day Defendants responded to the Court's Orders, Plaintiffs filed a motion requesting leave of Court to amend the Amended Complaint to add non-diverse parties and a motion to remand, arguing the proper parties to the case are non-diverse and Defendants failed to meet the burden to demonstrate the amount in controversy meets the jurisdictional requirement. (See doc. nos. 15, 16.) Defendants timely responded in opposition to both motions. (Doc. nos. 17, 18.)

2

**II.   DISCUSSION**

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The Court construes the removal statute narrowly. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

A removing defendant has the burden to establish federal jurisdiction. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). And the removing party must point to facts, not conclusory allegations, to meet its burden. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751.

Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. Although a defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d at 754; see also Dudley v.

3

Eli Lilly & Co., 778 F.3d 909, 913 (11th Cir. 2014) (explaining "pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover. (citations, emphasis, and quotation omitted)). That is, the existence of jurisdiction should not be "divined by looking to the stars." Lowery, 483 F.3d at 1215.

An indeterminate claim for damages is not dispositive but should not be ignored by the Court. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted). The Court's analysis is also guided by the following cautionary words from the Eleventh Circuit:

> Because jurisdiction cannot be conferred by consent, the district court should be leery of any stipulations the parties offer concerning the facts related to jurisdiction. Given that the parties share the goal of having this case decided in federal court, the district court should be especially mindful of its independent obligation to ensure that jurisdiction exists before federal judicial power is exercised over the merits of the case.

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1275 (11th Cir. 2000).

Here, Defendants have failed to meet their burden by a preponderance of the evidence to show the amount in controversy exceeds $75,000. The original complaint itemized no damages, and Defendants have only advanced only two items of evidence as to the amount in controversy: (1) Plaintiffs' medical expenses totaling $37,155.46, and (2) Plaintiffs' unwillingness to stipulate to an amount in controversy to less than $75,000. However, as explained below, neither is sufficient.

The medical bills do not approach the amount in controversy, and Plaintiffs' general request for medical expenses, pain and suffering, and loss of consortium provides no detail or basis upon which the Court can make reasonable deductions, inferences, or other

4

extrapolations.  See Pretka, 608 F.3d at 754; see also Williams, 269 F.3d at 1318, 1320 (rejecting contention amount in controversy facially exceeded $75,000 where complaint alleged trip over curb caused permanent physical and mental injuries, substantial medical expenses, lost wages, diminished earning capacity—all of which would continue in future—and complaint contained demand for both compensatory and punitive damages in unspecified amounts).  Defendants argue "[a]n alleged brain injury. . . could result in significant future medical treatment and future pain and suffering."  (Doc. no. 18, p. 5.)  However, because jurisdiction must exist at the time of removal, the mere possibility of future medical expenses is not determinative.

Moreover, Plaintiff Diane Pooser's responses to requests for admissions are insufficient proof of the amount in controversy.  Morrison, 228 F.3d at 1275; Streicher v. Sam's E., Inc., No. CV419-01, 2019 WL 1011815, at *3 (S.D. Ga. Mar. 4, 2019) ("[R]equests for admission are clearly aimed at establishing the amount in controversy and are akin to asking Plaintiffs to stipulate that the amount in controversy exceeds $75,000.").

The Court cannot conclude the defense has met its burden to show by a preponderance of evidence the value of this case meets the $75,000 jurisdictional threshold.  See Williams v. Walmart Stores East, LP, CV 118-083, 2018 WL 3749470, at *2-3 (S.D. Ga. July 9, 2018) (finding no jurisdiction in slip and fall case with approximately $15,000 in medicals, pre-removal refusal by Plaintiff's counsel for stipulation of damages less than $75,000, and general request for future damages and ongoing pain and suffering damages), *adopted by* 2018 WL 3747454 (S.D. Ga. Aug. 7, 2018) (Hall, C.J); Kenney v. Briggs & Stratton Corp., CV 116-113, 2016 WL 6650845, at *2-3 (S.D. Ga. Nov. 9, 2016) (finding no jurisdiction in pressure washer injury case with $36,000 in medicals, post-removal removal response to request for admission

5

that damages exceed $75,000, and $100,000 settlement demand), *adopted by* 2016 WL 7131539 (S.D. Ga. Dec. 6, 2016) (Hall, C.J.); Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), *adopted by* 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016) (Hall, C.J.); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000); but see Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and the possibility of two future surgeries).

Because the Court finds Defendants have not met their burden to show by a preponderance of the evidence the value of this case meets the $75,000 jurisdictional threshold, the Court need not reach the issue of diversity of citizenship, including Plaintiffs' motion seeking leave to add non-diverse parties. Accordingly, Plaintiff's Motion for Leave to Add Parties should be **DENIED AS MOOT**. (Doc. no. 15.)

### III.   CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** Plaintiffs' Motion to Remand be **GRANTED**, (doc. no. 16), Plaintiff's Motion for Leave to Add Parties be **DENIED AS MOOT**, (doc. no. 15), this case be

**REMANDED** to the Superior Court of Richmond County, Georgia, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of September, 2024, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA